Filed
6/4/2019 3:55 PM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2019CVH001059D1

CAUSE NUMBER _____

| | | |
|---|---|---|
| ANTONIO AND MARY CANTU<br>Plaintiffs, | §<br>§<br>§ | IN THE COUNTY COURT |
| vs. | §<br>§ | AT LAW NO. _____ |
| ALLSTATE VEHICLE AND PROPERTY<br>INSURANCE COMPANY<br>Defendant. | §<br>§<br>§<br>§ | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ANTONIO AND MARY CANTU (hereinafter referred to as ("PLAINTIFFS"), and file their Original Petition against DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, and would respectfully show the Court the following:

### I.        Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFFS seek damages of monetary relief of $100,000 or less. Specifically, PLAINTIFFS seek damages of monetary relief of no more than $75,000.00. PLANTIFFS intend to conduct discovery pursuant to a Level 2 Discovery Control Plan.

### II.        Service of Process

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service at: C T Corporation System, 1999 Bryan St. Ste. 900 Austin, Texas 75201.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY is in the business of providing insurance in the State of Texas. The insurance business done by ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFFS;

2. The taking or receiving of application for insurance, including the PLAINTIFFS' application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFFS;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFFS;

5. The adjusting and inspection of PLAINTIFFS' insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFFS as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

Venue of this action is proper in WEBB County, Texas because the policy at issue was issued and delivered in WEBB County, Texas; the property insured is situated in WEBB County, Texas; PLAINTIFFS' losses occurred in WEBB County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in WEBB County, Texas.

2

IV.     Facts

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and/or its agents committed the actions alleged against PLAINTIFFS in this petition. PLAINTIFFS own the property located at: 417 Martens Drive, Laredo, Texas 78041 with Policy # 229195926; Claim# 0457630010. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY provided coverage to the PLAINTIFFS for such building, personal property, and other matter. During the term of said policy, PLAINTIFFS sustained covered losses in the form of a windstorm event on or about May 21, 2017 in WEBB County, and water damages resulting therefrom, including damage to the architectural finishes of the property. PLAINTIFFS promptly reported losses to ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY pursuant to the terms of the insurance policy. As a result, PLAINTIFFS' property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFFS' insurance policy with ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. PLAINTIFFS have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S conduct.

V.     Conditions Precedent

All conditions precedent have been waived by the insurance company, have been performed by the Plaintiffs, or have otherwise been satisfied. Despite these facts, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has failed and refused to pay the PLAINTIFFS a just amount in accordance with their contractual obligations, agreements, and representations. Moreover, Defendant's claims that the Plaintiffs did not comply with the contract

are barred by waiver, based on Defendant's breach and noncompliance with the material terms of the insurance contract. Generally, when one party to contract commits material breach, the other party is discharged or excused from further performance. *Mustang Pipeline Co., Inc. v. Driver Pipeline Co. Inc.*, 134 S.W.3d 195, 196 (Tex. 2004).

VI. Breach of Contract

PLAINTIFFS purchased an insurance policy with ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. PLAINTIFFS' property was damaged by the windstorm and water damage, all of which are covered under the insurance policy. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has denied and/or delayed payment of PLAINTIFFS' covered claims. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has no reasonable basis for denying, delaying, or failing to pay PLAINTIFFS' claims for damages. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY was irresponsible and unconscionable. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY took advantage of the PLAINTIFFS' lack of sophistication in insurance and construction matters to a grossly unfair degree. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has, by its conduct, breached its contract with the PLAINTIFFS. The conduct of ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has proximately caused the injuries and damages to the PLAINTIFFS.

VII.    Second Cause of Action: DTPA Violations

PLAINTIFFS are "consumers" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, ALLSTATE

4

VEHICLE AND PROPERTY INSURANCE COMPANY has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFFS' damages:

(a)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made false representations about PLAINTIFFS' rights, remedies, and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S actions constitute an unconscionable course of conduct entitling the PLAINTIFFS to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to disclose information to the PLAINTIFFS concerning the nature and extent of their insurance policy, which was known by ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY at the time for the purpose of inducing PLAINTIFFS into transactions which they would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY violated Chapter 541, Texas Insurance Code, entitling the PLAINTIFFS to relief under section 17.50(a)(4), Texas Business and Commerce Code.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY took advantage of PLAINTIFFS' lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding

5

damages to the PLAINTIFFS' property. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY conduct as described herein was a producing cause of damages to PLAINTIFFS, for which they now sue. The conduct of the ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY was more than just a mistake, and was done "knowingly" and/or "intentionally," as those terms are derived by statute. Because of that, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFFS seek an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

VIII. Unfair Insurance Practices

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to inform PLAINTIFFS of material facts, such as the true scope of damage and cost to repair. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to properly process claims and have misrepresented material facts to the PLAINTIFFS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has failed to address all damage to the property and its contents causing further damage to the PLAINTIFFS. Further, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFFS; and has intentionally ignored damages to the dwelling. PLAINTIFFS' property suffered from covered losses and damages of which ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY is fully aware. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has concealed damage known by it to exist. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has known about covered windstorm and water damages but has failed to perform proper testing and

6

concealed facts from PLAINTIFFS about the damages, ignoring PLAINTIFFS' plea for help. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has failed to warn PLAINTIFFS of consequential damage to their property.

By its conduct outlined above, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFFS' claims once liability became reasonable clear (Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to provide promptly to PLAINTIFFS a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY breached its duty of good faith and fair dealing at common law;

7

(5)    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY compelled PLAINTIFFS to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

    (a)    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

        (i)    the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

    (b)    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which statements were made; and

(d)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

(e)     ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY refused to make a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section 21.203(11);

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S conduct as described herein was a producing cause of damages to PLAINTIFFS, for which they now sue.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFFS' claims were presented to ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, liability to pay the claims in accordance with the terms of insurance policies referenced above has been reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFFS' claims, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY refused to accept the claims in totality and pay the PLAINTIFFS as the policy required. At that time, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. ALLSTATE VEHICLE AND PROPERTY INSURANCE

9

COMPANY failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTIFFS' claims in good faith, an affirmative duty placed on ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY breached its duty to deal fairly and in good faith with the PLAINTIFFS. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFFS, for which they sue.

X.   Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFFS gave prompt notice of their claims to ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY has engaged in unfair settlement claims practices, as discussed above and denied and/or has delayed payment on PLAINTIFFS' claim. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S investigation and use of adjusters' reports was an "outcome-oriented" investigation. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY failed to comply with the requirements of Chapter 542 listed herein:

(a)   Failing to pay PLAINTIFFS' claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

10

(b)     Failing to request all of the items, statements and forms the ALLSTATE VEHICLE
AND PROPERTY INSURANCE COMPANY reasonably believed at the time
would be required from PLAINTIFFS to pay the claim within 15 days after
receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled
to recover from ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY the
statutory penalty of 5% plus the interest rate determined under Section 304.003, Finance Code, on
all amounts due on PLAINTIFFS' claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFFS allege that as to any terms, conditions, notices, or requests under the
insurance contract, PLAINTIFFS have substantially complied and/or is excused. In the alternative,
PLAINTIFFS make the allegation of waiver and/or estoppel as to every defense or exclusion plead
by ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY as to any exclusion,
condition, or defense pled by ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY, PLAINTIFFS would show that:

1. The clear and unambiguous language of the policy provides coverage for dwelling
damage caused by windstorm and water damage, including the cost of access to fix
the damaged areas. Any other construction of the language of the policy is void as
against public policy;

2. Any other construction and its use by ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY violates section 541 and 542 of the Texas Insurance
Code and are void as against public policy;

11

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFFS' predecessor policy with ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY. In this regard, PLAINTIFFS would show that their insurance policy was renewed uninterruptedly for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFFS. In the alternative, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY is judicially, administratively, or equitably estopped from denying PLAINTIFFS' construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFFS plead the doctrine of mutual mistake requiring reformation.

## XII. Exemplary Damages

Plaintiffs would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention

12

of enriching said Defendant at the expense of the Plaintiffs. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs request exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

XIII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: that upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFFS such relief as to which they may show themselves justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas Insurance Code violations, statutory penalties, and pre-judgment and post-judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdictional limits of the court.

XIV.    Jury Demand

PLAINTIFFS request that this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

XV.    Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFFS request that ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.


Respectfully submitted,

13

**OMAR OCHOA LAW FIRM**
121 N. 10th St.
McAllen, Texas 78501
Telephone: (956) 630-3266

*/s/ Omar Ochoa*
**OMAR OCHOA**
State Bar No. 24079813
oochoa@omarochoalaw.com
*ATTORNEY FOR PLAINTIFFS*

### Instructions and Definitions

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral

statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13.    "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.    You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.    Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## INTERROGATORIES

1.    Please identify any person you expect to call to testify the time of trail.

    **ANSWER:**

2.    Identify the persons involved in the investigation and handing of Plaintiffs' claim for insurance benefits arising from damage during and include a brief description of the involvement of each person identified, their employer, and date(s) of such involvement.

    **ANSWER:**

3.    If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    **ANSWER:**

4.    Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

    **ANSWER:**

5.    State the following concerning notice of claim and timing of payment:

    a. The date and manner in which you received notice of the claim
    b. The date and manner in which you acknowledged receipt of the claim
    c. The date and manner in which you commenced investigation of the claim
    d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
    e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

    **ANSWER:**

6.    Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

    **ANSWER:**

7.    Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

    **ANSWER:**

17

8.   Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims.

**ANSWER:**

9.   When was the date you anticipated litigation?

**ANSWER:**

10.   From November 1, 2010 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

11.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

**ANSWER:**

12.   Do you contend that the insured premises was damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

13.   Do you contend that any act or omission by Plaintiffs' voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

**ANSWER:**

14.   Do you contend that the Plaintiffs' failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

**ANSWER:**

15.   How is the performance of the adjusters involved in handling Plaintiffs' claim evaluated? State the following:

a.   what performance measures are used
b.   describe your bonus or incentive plan for adjusters

c.      have any listed in response to requests for production had a criminal record/record
        of complaint with the Texas Department of Insurance, performed a violation of
        company claim handling procedures

**ANSWER:**

## DEFINITIONS

In the event you object to any of the items requested, you are instructed to furnish all other documents to which no objection is made. Also note that Rule 196.3(c) provides that a party shall produce documents as they are kept in the usual course of business or shall organize and label them to correspond with the categories in this request.

Please be advised that the undersigned intends to use the documents you produce in response to this request for production in any hearing or trial of this lawsuit. TEX. R. CIV. P. 193.7.

1.  "You" or "Your" means the party responding to requests.

2.  "The Policy" means the insurance policy that is the basis of claims made against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in this lawsuit.

3.  "Insured Location" means the real property at the location described in the Policy declarations.

4.  "Dwelling" means the dwelling located at the Insured Location at the time of loss.

5.  "Other Structures" means any structures located at the Insured Location during that time that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6.  "Other Damages" means debris removal, temporary repairs, trees and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7.  "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in this lawsuit.

8.  "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9.  "The Claim" means the insurance claim made the basis of the breach of contract claim against ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/ or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or

electronic impulse, mechanical or electronic recording, or other form of data compilation. See Texas Rule of Evidence 1001 (a). "Document" specifically includes information that exists in electronic or magnetic form.

12.  "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. See Texas Rule of Civil Procedure 192.3(h).

13.  "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## INSTRUCTIONS

1.  You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2.  Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Request for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    The claim and underwriting files from the home, regional, local offices, and third party adjusters/ adjusting firms regarding the claim that is the subject of this matter, including copies of the policy, file jackets, "field" files and notes, and drafts of documents contained in the file.

      RESPONSE:

2.    The electronic diary, including the electronic and paper notes made by ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY's claims personnel, contractors, and third party adjusters/ adjusting firms relating to Plaintiff's claims.

      RESPONSE:

3.    Your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of storm claims and complaints made by policy holders in Texas from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with the respect to this claim.

      RESPONSE:

4.    The Operation Guides which relate to the handling of claims in Texas in effect from July 1, 2010 to date. If the party answering this request is an independent adjuster, produce the request documents for both the independent adjusting company and the party [carrier] that hired you with respect to this claim.

      RESPONSE:

5.    The adjusting and engineering reports, notes, correspondence, estimates, appraisals, photographs and/or recordings prepared concerning Plaintiff's underlying claims.

      RESPONSE:

6.    If you dispute the cause of the loss produce the engineering reports in your possession regarding damage to property within a one-mile radius of the Plaintiff's insured property.

      RESPONSE:

7.    The price guidelines that pertain to the handling of claims arising out of storm damage. In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

      RESPONSE:

8.    The Plaintiff's file from the office of their insurance agent.

RESPONSE:

9.   The information regarding weather and storm surge conditions on which you relied in making decisions on the Plaintiffs' claims.

RESPONSE:

10.   The documents, manuals, and training materials, including audio/ or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas and in effect from

RESPONSE:

11.   "Pay sheet," "Payment Log," or list of payments made on Plaintiffs' claim. This includes all indemnity, claim expenses, third party payments and billing statements.

RESPONSE:

12.   The documents reflecting reserves applied to the subject claim.

RESPONSE:

13.   For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiffs' claim that pertain in disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

14.   The managerial and adjuster bonus or incentive plan for managers responsible for storm claims in effect for the time period January 1, 2010 to date.

RESPONSE:

15.   If a third party engineer evaluated the subject property, provide the correspondence between ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY insurer and third party adjuster and documents that show the number of other matters in which the same engineers were retained by you to evaluate others properties over the past five years.

RESPONSE:

16.   Copies of any and all documents that you contend support any affirmative defense, which you allege applies to this action.

RESPONSE: